IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY ALEXANDER, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-4668-P |
| ) | |
| WILLIAM STEPHENS, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for possession of a controlled substance, marijuana, in the amount of five pounds or less but more than four ounces. *State of Texas v. Timothy Alexander*, No. F1134377N (195th Jud. Dist. Ct., Dallas County, Tex., Sept. 6, 2012). Petitioner was sentenced to three years in prison.

On November 8, 2013, the Fifth District Court of Appeals affirmed the conviction and sentence. *Alexander v. State*, No. 05-12-01345-CR (Tex. App. – Dallas, Nov. 8, 2013). On February 12, 2014, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. Petitioner did not file a state petition for writ of habeas corpus.

On November 8, 2013, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. His conviction was the result of an unlawful search and seizure;

2. The trial court erred when it improperly denied his motion to suppress;

3. The trial court attempted to alter, omit and conceal the record of the Fourth Amendment violation; and

4. The appellate court attempted to conceal the constitutional issues.

On April 7, 2014, Respondent filed his answer. On April 8, 2014, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

**1.  Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.      Search and Seizure**

Petitioner argues his conviction was the result of an illegal search and seizure, the trial court erred in denying his motion to suppress, and the appellate court concealed the constitutional issues by dismissing his appeal as frivolous.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*.; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

In this case, the record shows that Petitioner filed a motion to suppress in the trial court based on his claim that officers unlawfully entered his apartment. On March 12, 2012 and March 14, 2012, the trial court held a hearing on the motion. At the conclusion of the hearing, the court denied the motion. Petitioner also raised his Fourth Amendment claims in a *pro se* brief on direct appeal. The Fifth District Court of Appeals dismissed the appeal as frivolous, and the Texas Court of Criminal Appeals refused Petitioner's PDR. The state court clearly provided Petitioner with the opportunity for a full and fair hearing on his Fourth Amendment issues. These claims are therefore barred from federal habeas review.

**3.     Concealment of the Record**

In his petition, Petitioner claimed the trial court concealed, altered or omitted the transcripts of the motion to suppress hearing by failing to send the transcripts to the appellate court. In his reply, however, Petitioner concedes that the appellate court received the motion to suppress transcripts. (Reply at 18.) This claim should be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 8th day of September, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).